UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

DAVOUD SADEGHI-A,

Debtor.
_____/

Case No. 16-56551

Chapter 7

Judge Thomas J. Tucker

CONOPCO, INC.,

Plaintiff,

vs.

DAVOUD SADEGHI-A, *pro se*,

Defendant.
_____/

Adv. Pro. No. 17-4515

**OPINION REGARDING DEFENDANT'S MOTION FOR RELIEF FROM THE ORDER
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I. Introduction and background**

This adversary proceeding is before the Court on a motion by the Defendant, filed on

February 6, 2019, entitled "Motion to Set Aside Order Granting Plaintiff's Motion for Summary

Judgment, and Deny Defendant's Discharge under 11 U.S.C. § 727(a)(4)(A)" (Docket # 68, the

"Motion"). The Court construes the Motion as a motion for reconsideration of, and for relief

from, the Court's February 4, 2019 Order, which granted the Plaintiff's motion for summary

judgment and denied Defendant's discharge under 11 U.S.C. § 727(A)(4)(A) (Docket # 67, the

"February 4, 2019 Order"). Plaintiff's summary judgment motion was granted after the

Defendant failed to file any timely response to the motion.

Plaintiff's summary judgment motion (Docket # 58) was filed on January 15, 2019, and it

is undisputed that on January 15, 2019, Plaintiff served the motion, a 14-day notice, and all of Plaintiff's other summary judgment papers, by mail addressed to the Defendant's address of record: 2116 East Washington Blvd., Pasadena, CA 91104 (the "Defendant's Address of Record"). As a result, the deadline for Defendant to file a response to the summary judgment motion was February 1, 2019. No response was filed, resulting in the February 4, 2019 Order.

The Defendant's Motion now seeks relief from the February 4, 2019 Order under Fed. R. Civ. P. 60(b)(1) based on "excusable neglect" and under Fed. R. Civ. P. 60(b)(6).

The Plaintiff filed a response opposing the Motion (Docket # 73). The Court has reviewed and considered the Motion and the response to the Motion, and concludes that a hearing on the Motion is not necessary, and that the Motion should be denied.

## II. Discussion

**First**, the Court finds the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* L.B.R. 9024-1(a)(3) (E.D. Mich.).

**Second**, the Court finds that the allegations in the Motion do not establish excusable neglect under Fed. R. Civ. P. 60(b)(1), Fed. R. Bankr. P. 9024, or grounds under Fed. R. Civ. P. 60(b)(6), or any other valid ground for relief from the February 4, 2019 Order.

## A. Civil Rule 60(b)(1)

In order for the Defendant to show that relief is appropriate under Rule 60(b)(1) based on "excusable neglect," he must show both "(1) that his conduct in failing to timely respond to [the Plaintiff's summary judgment motion] constituted 'neglect' within the meaning of Rule 60(b)(1); and (2) that his 'neglect' was excusable." *In re Sharkey*, 560 B.R. 470, 472 (Bankr. E.D. Mich.

2016). "The determination of excusable neglect is 'an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Pioneer Inv. Servs. Co. v. Brunswick Assocs. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). *Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 F. App'x 265, 266 (6th Cir. 2009). As this Court stated in *Sharkey*,

> *In Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the [United States] Supreme Court explained that "[t]he ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or ... 'to leave undone or unattended to *esp[ecially] through carelessness.*'" *Id.* (quoting Webster's Ninth New Collegiate Dictionary 791 (1983) (emphasis added)). Based on the ordinary meaning of "neglect," the Court concluded that the concept of "neglect" under Civil Rule 60(b)(1) denotes that "a party is partly to blame" for failing to act, and that "at least for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* at 394, 113 S.Ct. 1489 (internal quotation marks and citations omitted).

> If [the party seeking relief from an order based on "excusable neglect"] shows "neglect," the next issue is whether [that party's] neglect was excusable. In *Pioneer*, the Supreme Court explained that a determination of

>> whether a party's neglect of a deadline is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission [including] the danger of prejudice to the [party opposing relief], the length of the delay and **its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant**, and whether the movant acted in good faith.

> *Id.* at 395, 113 S.Ct. 1489.

*Sharkey*, 560 B.R. at 472–73 (emphasis added).

3

In this case, the Court will assume for purposes of its ruling on the Motion that there was neglect on the Defendant's part, rather than an intentional failure to miss the deadline for responding to Plaintiff's summary judgment motion. But the Court finds that Defendant's neglect was not excusable.

According to the Defendant, his failure to file a response to the Plaintiff's summary judgment motion by the February 1, 2019 deadline was due to his not receiving notice of that motion until February 4, 2019. This is so even though, as noted above, Plaintiff mailed the motion, 14-day notice, and the other summary judgment motion papers to Defendant's Address of Record on January 15, 2019. In doing so, Plaintiff complied with Fed. R. Civ. P. 5(b)(2), made applicable in this adversary proceeding by Fed. R. Bankr. P. 7005 (permitting service of a paper by "mailing it to the person's last known address").

The Motion relies on a purported "Affidavit" of Leila Sadeghi, who is the Defendant's adult daughter. That "Affidavit" is not actually an affidavit, because it is not notarized, nor is it a declaration under penalty of perjury. But even assuming the truth of what the "Affidavit" says, it does not support Defendant's claim of excusable neglect. It says that Defendant's daughter "removed a priority mail package from our mailbox, addressed to my father, Davoud Sadeghi, on the weekend of February 2[, 2019]. I have the key to this mailbox and am the only one who checks it. I gave that mail to him on Monday, February 4[, 2019]."[1]

This does not show that the address used by Plaintiff for service of its summary judgment papers was not a valid address for Defendant. Nor does it exclude the possibility that the summary judgment papers actually arrived at that mailbox long before "the weekend of February

---

[1] Docket # 68-1 at pdf p. 1.

2." At most, it shows only that no one checked the mailbox until that weekend. And it shows that Defendant relied on his adult daughter to check that mailbox for him, and give him his mail from it, rather than regularly checking it himself, even though that is Defendant's stated Address of Record for this case.

The Defendant's alleged failure to receive timely notice of the Plaintiff's motion for summary judgment was entirely Defendant's own fault, and is the result of neglect that is not excusable. The Defendant gave the address in question — 2116 East Washington Blvd., Pasadena, CA 91104 — as his mailing address for purposes of receiving notices in his bankruptcy case and in this adversary proceeding, and he has never changed that address.

On April 25, 2018, the attorney then representing Defendant in his bankruptcy case (Michael Zousmer) filed a notice of address change for Defendant, stating that the 2116 East Washington Blvd., Pasadena, CA 91104 address is the Debtor's address.[2] That notice stated that such address applied not only to notices sent in the Debtor's bankruptcy case (Case No. 16-56551) but also, specifically, to notices sent to Defendant in three pending adversary proceedings, *including this one*. And while this document was filed electronically by Defendant's then-attorney, rather than by Defendant personally, the filed document was personally signed and dated by Defendant (who is the Debtor in the bankruptcy case). A full copy of that notice of address change is appended to this Opinion.

*If* Defendant's address ever actually changed — and Defendant has presented no evidence that it did — the Defendant had a duty under the rules to file with the Court a notice of his change of address. The Defendant is the Debtor in the related bankruptcy case, and as such, he

---

[2] Docket # 243 in Case No. 16-56551.

5

has had a continuing duty to file a notice of any address change. Fed. R. Bankr. P. 4002(a)(5) states that "[i]n addition to performing other duties prescribed by the Code and rules, the debtor shall . . . file a statement of any change of the debtor's address." To date, Defendant has never filed, in his bankruptcy case or in this adversary proceeding, a notice of any change in his address from the one that Plaintiff used for service of its summary judgment motion.[3] "The debtor who fails to keep the court apprised of his proper mailing address has only himself to blame." *Davis v. Case (In re Davis)*, 275 B.R. 864, 867 (B.A.P. 8th Cir. 2002) (citation omitted), *aff'd.*, 55 Fed. App'x. 789 (8th Cir. 2003).

The facts do not show that Plaintiff served Defendant at the wrong address. Rather, at most, the facts merely show that Defendant imprudently relied on his daughter as his agent for retrieving his mail. Defendant voluntarily chose where his mail was to be delivered, and voluntarily chose the agent who would be responsible for checking his mail. "[H]e cannot now avoid the consequences of the acts or omissions of this freely selected agent." *See Pioneer*, 507 U.S. at 397. The apparent failure of Defendant's agent to check the mail on a more timely and regular basis, so that Defendant would know promptly whenever he received mail, is neglect that is attributable to the Defendant under *Pioneer*.

For these reasons, Defendant's failure to timely respond to Plaintiff's summary judgment motion was caused by factors entirely within Defendant's control, and is not excusable.

Defendant seems to argue that his neglect is excusable because it should have been

---

[3] Under his signature to the Motion, Defendant listed an address of "609 S. Grand Blvd., Apt. 708, Los Angeles, CA 90017." This, of course, was filed only after the entry of the February 4, 2019 Order. And this apparently new address is buried in a motion. Defendant has not filed a notice of address change with the Court. If his address has changed, Defendant has a duty to file such a notice, in his main bankruptcy case (Case No. 16-56551), and to date, he has never done so.

apparent to Plaintiff's counsel that the address to which the summary judgment motion papers

were mailed was an invalid address. Defendant points to a notation and filing made by the Clerk

on the Court's docket in this adversary proceeding on December 3, 2018. That indicated that a

copy of the "Order Further Amending Adversary Proceeding Scheduling Order" sent to

Defendant by the Clerk's office, addressed to Defendant's Address of Record, was returned by

the Post Office as undeliverable.[4] The Court finds that such notation did not serve as a proper

notice of an invalid address. This is so because, for reasons stated in the footnote below,[5] the

Court finds that the Address of Record in fact was *not* an invalid address for Defendant; and

because Defendant never filed a notice of any change of address, and because *after* that

December 3, 2018 notation on the docket, the following *other* documents were mailed by the

Clerk to Defendant at the same Address of Record, and were *not* returned by the Post Office as

undeliverable:

- Order Granting Conopco, Inc.'s Ex Parte Motion for Alternate Service (Docket # 62) mailed by the Clerk on January 17, 2019; and

- "Order Granting Plaintiff's Motion for Summary Judgment, and Denying Defendant's Discharge Under 11 U.S.C. § 727(A)(4)(A)" (Docket # 67) mailed by the Clerk on

---

[4]   *See* Docket # 57 in Adv. No. 17-4515.

[5]   The Court finds that the Post Office simply made an error in returning this mail as undeliverable. The Post Office stamped the following on the envelope that was returned:

RETURN TO SENDER
NO SUCH NUMBER
UNABLE TO FORWARD

(Docket # 57 at pdf page 3). Despite this, it is undisputed that after this mail was returned by the Post Office, the summary judgment papers mailed by Plaintiff to Defendant using the same address were actually received at that address. Defendant admits, and his daughter says, that Defendant's daughter picked the latter mail up from the mailbox during the weekend of February 2, 2019. So it is clear that the Post Office erred when it stamped the earlier mail envelope "NO SUCH NUMBER" and returned it.

February 5, 2019.

Finally, the record is clear that at least as late as January 23, 2019, a date that was 8 days *after* Plaintiff filed and served its summary judgment motion in this case, Defendant stated that his address was the Address of Record. In Paragraph 8 of the Settlement Agreement that Defendant and certain other parties entered into on January 23, 2019, and which agreement Defendant personally signed, the agreement says that notices to Defendant "must be sent to the following physical and email addresses: Davoud Sadeghi-A: 2116 East Washington Blvd., Passadena, CA 90017 [and a specified e-mail address]"[6]

For all of these reasons, the Defendant's failure to timely file a response to Plaintiff's summary judgment motion was entirely within Defendant's control, was Defendant's own fault, and is not excusable under *Pioneer*.

Another *Pioneer* factor that weighs against a finding of excusable neglect is that if relief were granted, the further delay caused by the Defendant's failure to timely file a response to the Plaintiff's motion for summary judgment will have "interfered with the . . . [C]ourt's ability to expediently resolve the [Plaintiff's] summary judgment motion prior to trial" which was scheduled for March 26, 2019.[7] *See Howard*, 306 F. App'x at 267 (explaining that the United States Supreme Court in *Pioneer*, "noted it would not have found an abuse of discretion if there was any evidence of, *inter alia*, prejudice to judicial administration" and holding that the district court did not abuse its discretion in holding that counsel's failure to timely respond to a summary

---

[6] *See* Ex. I to Response Br. of Plaintiff (Docket # 73), at pdf. p. 45, ¶ 8, and pdf p. 60 (signature by Defendant). A copy of this settlement agreement was filed in the main bankruptcy case on January 30, 2019 (Case No. 16-56551 at Docket # 274-2).

[7] *See* Docket # 55 at pdf p. 2.

judgment motion was not excusable neglect, where, although the delay was short and not prejudicial to the plaintiff, "[t]he three-week delay interfered with the district court's ability to expediently resolve the summary judgment motion prior to trial and mediation").

For all of these reasons, the Court finds that the Defendant's neglect in failing to timely file a response to the Plaintiff's motion for summary judgment is not excusable.

For this reason, the Court cannot grant relief for Defendant under Civil Rule 60(b)(1). But there is another reason why Defendant's Rule 60(b)(1) motion must be denied. Debtor's Motion has not demonstrated a meritorious defense to Plaintiff's summary judgment motion, or to the February 4, 2019 Order granting that motion. Because of this, Debtor's Motion must be denied, and would have to be denied even if the Court found that the Motion established "excusable neglect" under Fed. R. Civ. P. 60(b)(1) (which the Motion does not.) *See, e.g.*, *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992) (Relief under Civ. Rule 60(b)(1) requires the moving party to show, among other things, that the moving party has a "meritorious defense" to present if relief is granted.); *In re Schulze*, 560 B.R. 305, 307-08 (Bankr. E.D. Mich. 2016) (same).

## B. Civil Rule 60(b)(6)

Defendant cites Fed. R. Civ. P. 60(b)(6) in his brief in support of his Motion, but does not explain why that rule supports the relief he seeks. That rule permits relief from a judgment for "any other reason that justifies relief." The Court cannot grant relief to Defendant under Rule 60(b)(6).

All of the following, which this Court stated in a previous case, applies equally well to this case:

Under [Rule 60(b)(6)], relief is appropriate "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *In re Cassidy*, 273 B.R. 531, 537 (Bankr., N.D. Ohio 2002)(citing *Blue Diamond Coal Co. v Trustees of the UMWA Combined Benefit Fund*, 249 F. 3d 519, 524 (6th Cir. 2001)). "This is because 'almost every conceivable ground for relief is covered' under the other subsections of Rule 60(b)." *Id.* (citing *Olle v Henry & Wright Corp.*, 910 F. 2d 357, 365 (6th Cir. 1990).

This case does not present such "exceptional or extraordinary circumstances." The circumstances here — an order entered by default due to [Debtor's] failure to timely file a response to a turnover motion — are addressed by Rule 60(b)(1), particularly the "excusable neglect" provision of Rule 60(b)(1), and Debtor has not made a showing of such "excusable neglect" under that rule.

In addition, cases have held that relief under Rule 60(b)(6) requires a showing not just of "extraordinary circumstances," but rather "extraordinary circumstances suggesting that [the party seeking relief] is faultless in the delay." *See Q Technology v. Allard* (*In re Trans-Industries, Inc.*), 2009 WL 1259991 (E.D. Mich., May 1, 2009) at *6 (citing *Pioneer*, 507 U.S. at 392-93). Not only are there no such "extraordinary circumstances" here, but also the Debtor is not "faultless in the delay."

*Schulze*, 560 B.R. at 308.

## III. Conclusion

For the reasons stated in this Opinion, the Court will enter an order denying Defendant's

Motion.

**Signed on March 15, 2019**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**

10

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

In RE:                                              Case No. 16-56551-tjt

**Davoud Sadeghi-A, Debtor**

## NOTICE OF DEBTOR(S) ADDRESS CHANGE

The debtor(s) in the above entitled case do hereby request that the mailing address listed in the above
stated case be changed to:

Debtor:                          Joint Debtor:
Davoud Sadeghi-A
2116 East Washington Blvd.
Pasadena, California  91104

☒ **Change Debtor(s) Address on Adversary Case(s) if applicable**

**Adversary Case No. 17-04262**
**17-04515**
**17-04517**

Date:    April _25_, 2018        _____

                                 Debtor Signature